IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 4:06CR99 |
| ) | |
| v. ) | |
| ) | |
| RAYMOND C. WHITBECK, SR., ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), filed by the defendant, Raymond C. Whitbeck, Sr. ("Whitbeck"). Filing No. 119. The government filed an answer to Whitbeck's § 2255 motion and a brief in support of the government's answer. Filing Nos. 129 and 130. Whitbeck subsequently filed a reply brief and supplemental brief. Filing Nos. 131 and 134.

**Background**

On March 22, 2006, the government charged Whitbeck with three counts including: 1) conspiracy "to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1) & (b)(1)(A)(viii)"; 2) "... knowingly and intentionally, possess with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, a Schedule II controlled substance. In violation of Title 21, United States Code Section 841(a)(1) & (B)(1)(C)."; and, 3) forfeiture of "any and all property constituting or derived from any proceeds . . . used or

intended to be used in any manner or part to commit and/or to facilitate the commission of the violations alleged in Counts I, II, and III of this Indictment." Filing No. 9.

On March 27, 2006, Whitbeck made his initial appearance and pled not guilty on all counts. Filing No. 16 (hyperlink unavailable). On November 30, 2006, the court, on its own motion and per the defendant's request, continued the change of plea hearing to December 21, 2006. Filing No. 84 (hyperlink unavailable). On December 21, 2006, Whitbeck pled guilty and the court accepted the plea although the plea agreement (Filing No. 89) was not accepted pending review of the Presentence Investigation Report.[1] Filing No. 87 (hyperlink unavailable). On March 21, 2007, the court accepted Whitbeck's plea agreement, and sentenced him to 188 months in prison. Filing. No. 101 (hyperlink unavailable). Whitbeck pled guilty to Count I (conspiracy to distribute methamphetamine) and the court dismissed Counts III and IV (intent to distribute and forfeiture) on the government's motion. Filing No. 104. On October 11, 2007, the court received Whitbeck's § 2255 motion. Filing No. 119.

### § 2255 Claims

Whitbeck's § 2255 motion appears to state four claims.[2] Filing No. 119 at 4-6. The claims are as follow: 1) "The attorney for Mr. Whitbeck (Mr. Jerry M. Hug)[3] said that a

---

[1] According to the record there were two plea agreements, Filing Nos. 82 and 89. The court accepted the later plea agreement, Filing No. 89. Filing No. 101 (hyperlink unavailable).

[2] Regarding pro se complaints, the Supreme Court has stated, ". . . we hold to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, pro se complaints are liberally construed. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). The court will consider Whitbeck's § 2255 motion liberally.

[3] According to the record, it seems that Whitbeck might be referring to his second attorney, Michael J. Tasset (hereinafter "Tasset"), rather than Whitbeck's first attorney, Jerry M. Hug (hereinafter "Mr. Hug"). Filing No. 69. On October 3, 2006, the court granted Mr. Hug's motion to withdraw, Filing No. 63. Filing No. 68. The affidavits attached to Whitbeck's § 2255 motion indicate that Tasset promised to file the motion for downward departure. Filing No. 119 at 16-19. In Whitbeck's § 2255 motion he states, "Mr. Hug told Whitbeck to help the police officers by allowing them to recover the 2 pound of methamphedamine (sic), and in return,

motion for a downward departure would be filed in this case. . . .  A motion for a downward departure has not been forthcoming"; 2) "Whitbeck never had the opportunity to read or see what the (Presentence Investigation Report, hereinafter "PSR") questions were"; 3) "Tasset never mentioned that Whitbeck could submit his own version of the instant offense (in the PSR)"; and 4) "Whitbeck did not know if he was made aware of all the questions on the report or not." *Id.* at 4-5.  Thus, the court construes Whitbeck's last claim as stating that counsel did not brief Whitbeck regarding the content of the PSR.  *Id.*

## Ineffective Assistance of Counsel

Claims of ineffective assistance of trial counsel are properly raised in proceedings under 28 U.S.C. § 2255.  *See,* e.g., *United States v. Smith,* 62 F.3d 1073, 1078 (8th Cir. 1995).  "A claim of ineffective assistance of counsel should normally not be part of a direct appeal but should be raised in collateral proceedings under 28 U.S.C. § 2255 because such a claim usually cannot be advanced without development of the record." *Smith*, 62 F.3d at 1078.  *Accord United States v. Guzman-Landeros*, 207 F.3d 1034, 1034 (8th Cir. 2000); *United States v. Mitchell,* 136 F.3d 1192, 1193 (8th Cir. 1998).

The Sixth Amendment guarantees that an accused shall have "the Assistance of Counsel for his defence." *U.S. Const. amend. VI.*  "It follows from this that assistance which is ineffective in preserving fairness does not meet the constitutional mandate . . . and it also follows that defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation."  *Mickens v. Taylor,* 535 U.S. 162, 166

---

Whitbeck would receive a downward departure for his proffer and cooperation."  *Id.* at 5. Nevertheless, the court will construe Whitbeck's claim as stating Tasset failed to file a motion for downward departure since Tasset was Whitbeck's attorney during sentencing.

(2002), *citing Strickland v. Washington*, 466 U.S. 668, 685-86 (1984).  See also *Bell v. Cone*, 535 U.S. 685, 695 (2002):

> We reasoned that there would be a sufficient indication that counsel's assistance was defective enough to undermine confidence in a proceeding's result if the defendant proved two things:  first, that counsel's "representation fell below an objective standard of reasonableness," [*Strickland*], 466 U.S., at 688 . . . ; and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*., at 694. . . .   Without proof of both deficient performance and prejudice to the defense, we concluded, it could not be said that the sentence or conviction "resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable," *id*., at 687 . . . , and the sentence or conviction should stand.

*Bell,* 535 U.S. at 695.

"The *Strickland* test has two parts:  whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation.   If we can answer 'no' to either question, then we need not address the other part of the test. . . .   Under the first part of the *Strickland* test, we consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances'. . . .   We look at counsel's challenged conduct at the time of his representation of the defendant and we avoid making judgments based on hindsight." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000), quoting *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996).

In evaluating whether counsel's performance fell below an objective standard of reasonableness, the court must examine "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine

4

> whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690.

*Strickland* requires the court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Accordingly, a defendant must overcome the presumption that counsel's challenged action "might be considered sound trial strategy." *Id.*

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id*.

To meet the prejudice prong of the test, the defendant must show a reasonable probability that absent his counsel's deficient conduct, the outcome of the defendant's case would have been altered. See *Mickens*, 535 U.S. at 166, *citing Strickland*, 466 U.S. at 694. "As a general matter, a defendant alleging a Sixth Amendment violation must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Mickens* at 166, *citing Strickland* at 694. More

5

specifically, "[t]o show prejudice, [the defendant] must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." *United States v. Robinson*, 301 F.3d 923, 925 (8th Cir. 2002). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. As explained in *Strickland*, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. The ultimate focus of the *Strickland* inquiry is always on the "fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

## Analysis

**Tasset's Failure to File a Motion for Downward Departure**

Whitbeck claims Tasset failed to file a motion for downward departure and, thus, violated Whitbeck's right to effective assistance of counsel. Filing No. 119 at 4-6. According to Rule 35(b), Reducing a Sentence for Substantial Assistance:

> **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided assistance in investigating or prosecuting another person.
> **(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: **(A)** information not known to the defendant until one year or more after sentencing; **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
> **(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

6

> **(4) Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

Fed. R. Crim. P. 35(b).

The statute's plain language states that the government must file a motion to reduce a sentence for substantial assistance. Nowhere within the statute is defendant's counsel permitted to file a motion to reduce a defendant's sentence. This decision is strictly the prerogative of the government. Further, the statute requires a defendant to implicate other persons. Government's counsel stated, ". . .he did proffer once on one occasion, but refused to give up names of individuals that - - I can't remember if it was his own cell phone, or someone else's cell phone, that I knew he had distributed to and would not name them. . . . [H]e was not candid with his information." Filing No. 126 at 31-32. Whitbeck's failure to implicate other persons gave the government a reason not to file a motion for downward departure.

The record is clear that Whitbeck's attorney, Tasset, agreed to file a motion to compel the government to file a Rule 35 motion. *See* Filing No. 126 at 28:21-24. The court finds this conduct is not sufficient to support a claim for ineffective assistance of counsel because the test for determining such is twofold. The defendant must show that counsel's performance was deficient and that deficiency prejudiced the defendant. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000), quoting *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996).

Whitbeck's claim, even if for the sake of argument the court found Tasset's conduct deficient, certainly fails on the second prong. Whitbeck offered no evidence that would suggest he would have received a different sentence if Tasset had filed such a motion. In

fact, the court explicitly stated, "Now, if you have an issue with respect to the Rule 35, then Mr. Tasset at your direction is certainly welcome to file that and then we'll see what happens after that, but I'm not prepared to make that decision today." Filing No. 126 at 41:2-5.

The Supreme Court has found, ". . . that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. . . . [Also] if the prosecutor's refusal to move was not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 185-6 (1992). A defendant, to qualify for discovery or an evidentiary hearing, must make a "substantial threshold showing." *Id.* at 186.

Whitbeck is unable provide any evidence that the government had an unconstitutional motive. The government simply stated that Whitbeck was not candid with the information he possessed. Filing No. 126 at 32: 3-5. The government's reasoning for not filing the Rule 35 motion is clearly constitutional. Construing Whitbeck's claim liberally, it is not apparent from the record that the government made any promises to file a Rule 35(b) motion on behalf of Whitbeck. *See* Filing No. 89. Whitbeck's plea agreement reads, "This agreement is limited to the United States Attorney's office for the District of Nebraska and does not bind any other federal, state or local prosecuting authorities, although this office will bring your cooperation to the attention of other prosecuting authorities, if so requested." Filing No. 89 at 2, ¶ 3. The plea agreement, on its face, mentions nothing in regard to filing a Rule 35 motion.

Whitbeck argues that his first attorney, Mr. Hug, promised Whitbeck would receive a motion for downward departure if Whitbeck disclosed to the government the location of

two pounds of methamphetamine. Filing No. 119 at 5. Whitbeck claims police officers took Whitbeck from jail to have Whitbeck show police officers the location of the drugs. *Id.* Whitbeck claims the drugs would not have been located without his assistance. *Id.* On the other hand, government's counsel stated, "Mr. Whitbeck was not the first person to tell me about that two pounds (of methamphetamine). . . . I knew the location of it and approximately how much was hidden. I can inform the court that the fact that I did recover it was taken into account when I offered him a lower weight than I felt I could prove." Filing No. 126 at 31:13-14, 18-22. Thus, Whitbeck's claim fails here, too, because the court finds that the government did take Whitbeck's assistance into consideration.

Lastly, Whitbeck was aware he signed a Rule 11(c)(1)(C) plea agreement. Filing No. 126 at 13:9-14. A Rule 11(c)(1)(C) plea agreement is an agreement where the government will set a specific sentence for the defendant to serve. Fed. R. Crim. P. 11(c)(1)(C). Accordingly, the only guarantee Whitbeck received from the government as set forth in the plea agreement was the term of his sentence, 188 months. Filing No. 126 at 13:9-14. Whitbeck further testified he understood all the terms of his plea agreement. *Id.* at 13:25. He also understood that without the plea agreement he faced a substantially longer guidelines sentence of 262 to 365 months. *Id.* at 10:22-11:7. Thus, the court finds Whitbeck was fully aware the government made no promises regarding a Rule 35 motion.

**Whitbeck's Claims Regarding the PSR.**

Whitbeck's second claim states he never had an opportunity to read or see the questions in the PSR. Filing No. 119 at 5. Whitbeck's fourth claim states he was unsure whether he was made aware of all the questions in the PSR. *Id.* These claims are without merit. In Whitbeck's § 2255 motion, Whitbeck stated, "On 26 January 2007 Whitbeck

received a copy of his presentence investigation report (PSI). . . . When attorney Tasset came to do the PSI report with Whitbeck, Whitbeck never had the opportunity to read or see what the questions were." *Id.* It is clear Whitbeck had an opportunity to review his presentence report and that he participated in its compilation. The "questions" to which Whitbeck apparently refers are the questions Tasset asked Whitbeck as they prepared the defendant's portion of the presentence investigation report.[4]

Ultimately, in Whitbeck's case, the PSR is irrelevant for determining his sentence. He signed a Rule 11(c)(1)(C) plea agreement which predetermined his sentence. Filing No. 126 at 13: 15-18. Regardless of the so called questions in the PSR, Whitbeck agreed to a sentence of 188 months. Thus, claims two and four are without merit.

Whitbeck's third claim states "Tasset never mentioned that Whitbeck could submit his own version of the instant offense." Filing No. 119 at 5. This claim is without merit. Again, the plea agreement Whitbeck signed predetermined his sentence. The court finds no reason to believe if Whitbeck had submitted his own version of the offense that he would have received a lesser sentence. At the plea colloquy the court had counsel for the government outline the evidence. Whitbeck confirmed his understanding of the government's evidence and agreed that he was illegally distributing methamphetamine during the time alleged. Filing No. 126 at 20:16-22. Thus, it cannot be said that Tasset's actions were prejudicial to Whitbeck.

For the abovementioned reasons, Whitbeck's claim for ineffective assistance of counsel is without merit. There is no legal reason for this court to order an evidentiary hearing, and Whitbeck's § 2255 motion will be dismissed.

---

[4]Further, Whitbeck stated that Tasset came to "do the PSI report with Whitbeck." *Id.* at 5. Thus, the court finds Tasset did review the PSR with Whitbeck and he was made aware of the "questions" in the PSR.

THEREFORE, IT IS ORDERED, that Whitbeck's § 2255 motion, Filing No. 119, is denied.

DATED this 26th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge